[No. 4590.]

## Buchanan, sub. for Quest, v. Griswold.

1. Taxes and Taxation—Void Tax Deed—Quieting Title—Condition Precedent to Absolute Decree.

In an action brought to quiet title to certain lands clouded by a void tax deed, the taxes upon which it is based being legal, the owner as a condition precedent to an absolute decree in his favor must pay the defendant the taxes paid by him subsequent to the sale, with interest, in accordance with 2 Mills' Ann. Stats., § 3904, and also the amount for which the property was sold at the tax sale, with interest and penalties, in accordance with 2 Mills' Ann. Stats., § 3905.—P. 20.

2. Taxes and Taxation—Tax Sale—County Purchasing—Assignee of County—Redemption.

When a county disposes of a tax-sale certificate issued to it, the purchaser becomes vested with the same rights as though he had been the original purchaser at the tax sale; and the owner of property who neglects to pay his taxes cannot take advantage of any reduction which the county may have been compelled to make in order to dispose of a tax-sale certificate.—P. 20.

*Error to the District Court of Logan County.*
*Hon. E. E. Armour, Judge.*

Action by Cudabeck Griswold against Dixson Buchanan, substituted for A. G. Quest. From a judgment for plaintiff, defendant brings error.

*Reversed in part and remanded, with directions.*

Decision *en banc.* Mr. Justice Steele and Mr. Justice Campbell dissent.

Messrs. Allen & Webster, for plaintiff in error.

Messrs. Munson & Munson, for defendant in error.

Mr. F. S. Titsworth, *amicus curiae.*

*Per Curiam.*—Defendant in error, as plaintiff, brought suit against plaintiff in error, as defendant, to quiet title to certain lands. The defendant claimed

title to such lands under a tax deed. It appears that the tax-sale certificate upon which such deed was issued was purchased from the county of Logan by the defendant for a sum less than the amount bid by the county, and the taxes subsequently assessed and not paid by the plaintiff. The court adjudged the tax deed void, but provided that the decree should not become effective unless the plaintiff deposited with the clerk within a date specified the sum paid by the defendant for the tax certificate, together with interest as fixed by § 3904, 2 Mills' Ann. Stats. The defendant brings the case here for review on error. An opinion was originally handed down, affirming the judgment. The plaintiff in error filed a petition for rehearing, supported by brief, in which the only question raised is, that it was error to affirm the judgment in so far as it designated the amount which the defendant was entitled to receive by virtue of his ownership of the tax-sale certificate purchased from the county. The petition for rehearing does not challenge the correctness of the original opinion with respect to the tax deed, and, from the brief in support thereof, we understand counsel waives a consideration of that question. That being the situation, we deem it advisable to withdraw the original opinion because it does not seem necessary to pass upon the question of the validity of the tax deed upon which the defendant relied, and shall confine our review of the case to the question of the amount which the plaintiff should be adjudged to pay the defendant. It is not necessary to state any further facts, because counsel agree that the only question presented on this proposition is, whether the sum paid by the defendant for the tax-sale certificate is the correct basis upon which to compute the amount which the plaintiff should pay.

In *Charlton v. Kelly,* 24 Colo. 273, it was held that where a tax deed was void, but the taxes upon which it was based were legal, that the owner who brought an action to annul such deed and succeeded, must, as a condition precedent to an absolute decree in his favor, pay the taxes paid by the defendant subsequent to sale, with interest, and also the amount for which the property was sold at the tax sale, with interest and penalties, as prescribed in §§ 3904-5, 2 Mills' Ann. Stats. It was determined in that case that § 3904 prescribed the rule with respect to taxes paid subsequent to sale, and § 3905 the one with respect to those for which the property was sold, by which the amount the plaintiff should pay the defendant should be ascertained. This ruling is clearly applicable to the case at bar. The statutes to which we have referred are the only ones which prescribe what items the owner shall pay when he succeeds in annulling a tax deed, but he must discharge the lien created by the tax sale and subsequent taxes constituting the basis of such deed. The fact that the county saw fit to dispose of its tax-sale certificate for a sum less than the amount bid at the sale does not relieve the plaintiff from paying the amount to be ascertained in accordance with the ruling in *Charlton v. Kelly, supra.* When a county disposes of a tax-sale certificate issued to it, the assignee or purchaser becomes vested with the same rights that he would had he purchased a certificate from an individual. The purchase from a county of a tax-sale certificate issued to it vests the purchaser with the same rights as though he had been the original purchaser at the tax sale. The owner of property who neglects to pay his taxes cannot take advantage of any reduction which the purchaser of his property at a tax sale may have made in disposing of the tax-sale certificate. That is a matter of contract between the seller and

purchaser, with which the owner is not concerned. A county cannot take a tax deed. It cannot realize upon certificates issued to it except by redemption from the sale, or disposition of such certificates. The owner who fails to discharge his obligation to pay his taxes on his lands is not to be rewarded for his delinquency by being permitted to take advantage of a reduction which a county may have been compelled to make in order to dispose of a tax-sale certificate issued to it for taxes which he should have paid, and taxes subsequent which he has not discharged.

*Hoffman v. Groll*, 12 Pac. (Kan.) 34, cited by counsel for defendant in error, is not in point. The statute of Kansas, upon which this decision was based, provides that the owner of property purchased by a county at a tax sale may redeem from such sale by paying the amount paid by the purchaser of the tax-sale certificate from the county and other items mentioned. We have no such statutory provision.

The original opinion is withdrawn, the judgment thereon vacated, and the judgment of the district court fixing the amount which the defendant in error should pay is set aside, and the cause remanded with directions to modify the same as to this item in accordance with the views herein expressed.

*Reversed in part and remanded, with directions.*

Decision *en banc.* Mr. JUSTICE STEELE and Mr. JUSTICE CAMPBELL dissent.