[No. 6457.]

BOTTOM v. YOUNG, ET AL.

1. TAX TITLE—*Void*—*Enjoining Execution of Deed*—If the owner of real property which has been sold for taxes would enjoin the execution of a deed he must do equity by paying or tendering the tax justly due—(538).

And an offer of the owner of the tax purchase certificate to permit redemption is a complete answer to the bill—(538).

.That the tax sale complained of was to the county, and that the defendant holds under a void assignment of the certificate; or that the notice of the defendant holding such certificate that he will apply for a tax deed is fatally defective, makes no change in the rule—(539). 

Neither does the fact that the plaintiff holds a tax certificate issued to the county at a prior tax sale—(540).

2. TAX CERTIFICATE—*Duty of Assignee from the County*— One who purchases from the county a tax sale certificate is under duty to pay all taxes assessed, upon the property, subsequent to the tax sale, unless relieved of the payment by the board of county commissioners—(540).

*Error to Boulder District Court.*—HON. HARRY P. GAMBLE, Judge.

Mr. JOHN T. BOTTOM, Messrs. KELLEY & HAINES, for plaintiff in error.

Mr. LEWIS S. YOUNG, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The St. Louis Mining Company, a corporation, owned a lode claim situate in Boulder County, which was subject to, and upon which general taxes for the year 1900 were assessed. Such taxes became delinquent, and on October 12, 1901, the lode claim was sold for the non-payment thereof to the county of Boulder, and a certificate of sale therefor executed and delivered. November 9, 1904, pursuant to an order of the board of county commissioners, the certificate of sale was assigned to the plaintiff in error for the amount of the taxes for which such sale was had, together with accrued interest, penalties thereon, and costs of sale, without reference to, or consideration of the taxes assessed on the lode claim for subsequent years.

Prior to the date of making assessments for taxes for the year 1901, a mill, belonging to certain individuals, some, but not all, of whom were stockholders in the St. Louis Mining Company, and the St. Louis Mining and Reduction Company, another corporation to which reference will hereinafter be made, was moved upon an unpatented mill site situate about eight hundred feet east of the lode claim. The mill was principally used in treating ore taken from the lode claim, which was accomplished by means of a gravity tramway extending from the mill to an ore bin on the lode claim.

In the assessment roll and tax list for the year 1901, the assessor entered, as belonging to the St. Louis Mining Company, the aforesaid St. Louis lode claim, the St. Louis mill, and the St. Louis tramway, specifying the value of each property separately. In 1903 the property was returned for assessment by the general manager of the St. Louis Mining and Reduction Company, its then owner, in which he scheduled the St. Louis lode, mill, and tramway, designating the value of the lode claim at $500.00, and the improvements at $6,100.00. The assessed value of the lode claim for previous and subsequent years was likewise $500.00.

November 7, 1902, the taxes assessed as above for the year 1901, not having been paid, the county treasurer sold to the county of Boulder the St. Louis lode mining claim for the sum of $32.50, the St. Louis mill for $73.58, and the St. Louis tramway for $17.47, and executed and delivered to such county a certificate therefor. Upon this certificate of sale the taxes assessed for subsequent years to, and including, the year 1905, were endorsed in an aggregate sum for each year.

. July 7, 1906, the board of county commissioners, at a regular session, by an order entered of record, author-

ized the county treasurer and county clerk, in consideration of $150.00, to assign to defendant in error, Lewis S. Young, the last designated certificate of sale, having thereon the endorsements aforesaid. Such officers thereupon executed the assignment, reciting therein, however, that it was in consideration of $148.85, though, as a matter of fact, Young paid to the treasurer the full sum of $150.00, from which the latter deducted certain fees to which he claimed to be entitled by reason of the assignment.

In the summer of 1902, or prior thereto, instruments of sale and conveyance, from the respective owners of the St. Louis lode claim, the St. Louis mill site, and the St. Louis mill and tramway, were made and duly executed to the St. Louis Mining and Reduction Company, for each of said properties. None of these instruments were recorded, but were placed in the possession of plaintiff in error, where they have since remained.

April 25, 1907, the St. Louis Mining and Reduction Company executed a deed of trust, conveying the above described lode claim, mill site, mill and tramway, to the public trustee of Boulder County, to secure the payment of its promissory note for $11,000, of same date with the deed of trust, payable to the order of plaintiff in error. On the same date it likewise executed and delivered to plaintiff in error a lease of all of said property, with the right or option to purchase the same within a designated time, which has not expired. Plaintiff in error was, and is, a stockholder in each of the hereinbefore designated corporations.

In January and February, 1907, Lewis S. Young caused to be published a "notice of tax purchase," based upon the certificate assigned to, and held by him as aforesaid. It was specified in the notice that the time of re-

demption from the sale would expire May 7, 1907, and that unless sooner redeemed from the sale, the said Young would apply, on May 8, 1907, to the treasurer for a tax deed.

May 6, 1907, plaintiff in error instituted a suit to restrain the execution and delivery of a deed based upon the certificate of sale held by Young. A temporary injunction was issued, which, upon final hearing, was dissolved, and the cause brought here for review.

Plaintiff in error contends: That the county, having bid in the St. Louis lode claim in 1901, for the taxes of 1900, and not having assigned the certificate of sale until November 9, 1904, the sale of 1902, and certificate based thereon, under which Young claims, for the non-payment of the taxes of 1901, were, and are nullities; that the statutory provision, empowering the board of county commissioners to assign a certificate of purchase of property, "bid in" for the county at a tax sale for such sum as the board of county commissioners at any regular meeting may decide," is unconstitutional; that the notice of intention of Young to apply for tax deed was not published within the required statutory period, and erroneously stated the date of expiration of time for redemption, and was defective and insufficient in many other particulars; that an assessment, as an entirety, of two or more properties owned in severalty, is void.

The law may be as plaintiff in error contends, but as to that we need not, and do not now determine. Should we so assume, the judgment here under review must be affirmed. One seeking relief in a court of equity must bring his cause of action within some recognized rule of equity jurisprudence. It is not the province of a court of equity to review or correct the proceedings of officers entrusted with this assessment of property and collection of

the public revenue. If such officers commit substantial errors that invalidate their proceedings, no title can pass by a sale based thereon, of real estate for taxes. However, if the owner of the premises does not wish to accept the risk of an adverse title being made to his land by tax deed, the legality of which remains undetermined, and files his complaint in equity to enjoin the execution of such deed, he must do equity by paying, or offering to pay, the taxes justly due. This plaintiff in error has failed to do. No claim is made of payment, or tender of the taxes lawfully due upon any of the property in question. The omission in this respect is sought to be excused by an allegation in the replication that the treasurer waived the requirement of tender. There was not sufficient evidence of such waiver, and the court expressly found that there was no tender. Moreover, the record discloses that defendants in error offered "to permit the plaintiff to redeem the properties mentioned in the complaint, or any of them, or any part of them, on payment of the amount for which the properties were sold, interest and costs, and with the understanding that the rate of interest shall be figured at only eight per cent. after November 7, 1905," and further, "to permit him to redeem the St. Louis lode on the basis of its assessment of $500.00, which in each year was the actual assessment made by the assessor. We further offer to permit him to redeem separately the improvements upon the lode, or the tramway, or the mill, upon payment of such proportion of the taxes as the assessment of the part desired to be redeemed bears to the whole assessment, separating the assessment for the years 1902, 1903, 1904 and 1905 in the same proportion that they were separated by the assessor in the year 1901." Plaintiff in error has failed to do equity, an

essential prerequisite to entitle him to a standing in a court of equity.

.. If the provision of the statute, authorizing the board of county commissioners to assign a certificate of purchase of property bid in for the county at a tax sale, for such sum as the board of county commissioners at any regular meeting may decide, is unconstitutional, or if the notice published, of intention to apply for a deed, is fatally defective, it in no wise removes the duty of the property owner to pay his just proportion of the burdens of taxation. If the assignment of the certificate of purchase by the county, is void, the county treasurer, one of the parties here sought to be enjoined, is, nevertheless, the person to whom the payment of taxes accruing subsequent to the first sale, should be made. If, after that officer receives payment of the subsequent taxes, he undertakes to improperly pay the amount thereof over to the holder of the tax certificate, under the void assignment, no doubt the rights of plaintiff in error, and other tax-payers of the county, may be protected in a proper proceeding.

We do not think plaintiff in error can complain of the manner of assessment for the year 1903. At least, it will avail him nothing in this suit. The then owner of each of the properties caused them to be assessed together. Moreover, the total assessment for such year was exactly the same as the aggregate of the separate assessments of the lode, mill and tramway for the year 1901. When the plaintiff in error acquired his lease and option to purchase these properties, and became the beneficiary of a deed of trust thereon, it was upon the property as an entirety from a single owner, and long subsequent to the particular assessment of which complaint is made. It is true this form of assessment might affect the redemption of a part of the properties, should such redemption be de-

sired, but the owner caused the assessment to be so made; and the plaintiff in error necessarily had knowledge thereof when he accepted the lease, option to purchase and deed of trust. The fact that he became, and is the holder of the certificate of sale to the county of the lode claim for the taxes of 1900, ought not to change the situation under the circumstances of this case. It was the duty of the plaintiff in error, when he purchased the certificate from the county, to pay all subsequent taxes assessed on the property therein described, or have the board of county commissioners, if they possessed that power, to relieve him therefrom, which he failed to do, though the amount assessed for such years was readily ascertainable. As to the taxes for the year 1903, the offer made by defendants in error, to permit plaintiff in error to redeem the lode claim on the basis of its assessment of $500.00, or either of the other properties as disclosed by this record, eliminates every just complaint that could be urged against such assessment. As to the validity of the tax deed, if issued, and the proceedings culminating in the sale, we express no opinion herein, but hold only that upon this record the plaintiff in error is not entitled to injunctive relief. The judgment is, therefore, affirmed.

*Judgment Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.

Decided April 1, A. D. 1912. Rehearing denied July 1, A. D. 1912.