No. 12,449.

Charles E. Gibson Company *v.* Elze et al.
(293 Pac. 958)

Decided November 17, 1930.

Mr. Albert L. Moses, Mr. John F. Mail, for plaintiff
in error.

Mr. JOHN D. WEHRLE, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court, and for convenience we hereinafter refer to them as plaintiff and defendants or by name.

Plaintiff was the beneficiary in a certain trust deed. It brought this action for the foreclosure thereof as a mortgage. It also sought the cancellation of a certain tax certificate held by (Mrs.) Lillian T. West against the property in question. Findings and judgment were for plaintiff, save that it was required to repay to West the money represented by the certificate. To review that portion of the judgment this writ is prosecuted.

Mr. and Mrs. Elze and their son Ed owned the real estate in question. They gave the trust deed here involved to secure $3,000 borrowed from plaintiff. By its terms the Elzes were to pay all taxes. Mrs. West, who was the daughter of Mr. and Mrs. Elze, had two children. At the time of this transaction all these people lived as one family on this farm and it supplied their sustenance. Shortly thereafter Ed left. The others remained and there Mr. Elze died March 20, 1928. The 1923 tax was not paid and Mrs. West bought at the sale. She afterwards paid the taxes for 1924, 1925 and 1926, and had them endorsed on the certificate. Under this purchase and these payments she claims adverse to plaintiff.

But two questions now require consideration, first, Was the money which Mrs. West invested in these taxes her own or was it a portion of the revenue of the farm, belonging to the owners thereof and burdened with the tax in question? Second, If this was Mrs. West's money did she have a right, under the circumstances, to take this adverse title?

1. Whether on this whole record we ought to say

that none of this was Mrs. West's money we need not determine. For the purposes of this decision we assume that the evidence is in conflict and accept the finding of the trial court thereon. The judgment was entered March 18, 1929. Therein the court found: "The issues herein as between the plaintiff and the defendant, Lillian T. West, as to Tax Sale Certificate * * * in favor of the plaintiff and against the defendant, Lillian T. West, and orders that the said defendant, Lillian T. West, surrender said Tax Sale Certificate No. 4920 to the clerk of this court for cancellation; that the plaintiff may, if it so elects, within thirty days, refund to said Lillian T. West the amount of said taxes so paid by her upon the property herein involved, and then plaintiff may, in that event, add such sums to its demand herein and have judgment of foreclosure accordingly in addition to the amount prayed for in the complaint as damages due on said note and trust deed."

Here was an apparently irreconcilable finding and judgment. If the issue was found against Mrs. West she had no right to the return of her money; if in her favor she could not be deprived of her certificate. April 29, following, plaintiff moved to modify the decree and order Mrs. West to surrender her certificate to the clerk of the court for cancellation. On hearing this motion the court said: "The court found from the evidence that was before the court here in this trial that, as the findings stated then, that she paid these taxes, part of the time with her money, part of the time with her parents' money. * * * The evidence was not satisfactory taking it as a whole, but the only conclusion the court could reach, from the evidence before the court, was that part of the money she used in paying that portion of the taxes wherein she obtained the tax sale certificate and the subsequent taxes was her own money."

Thereupon the motion was overruled. From this, and other portions of this record, it clearly appears that the trial court found Mrs. West had paid these taxes

184

out of funds belonging to herself and her parents which she had so mixed that the court could not separate them. It is overwhelmingly established by the evidence, and undisputed, that Mrs. West was transacting most of the business for her parents, handling the proceeds from the ranch, buying supplies, paying interest, and paying taxes. In this business she was the agent of her parents. With respect to their money in her hands she was a trustee. When she mingled her own funds therewith the burden of distinguishing and separating them devolved upon her. Failing in that duty the whole became the subject of the trust (39 Cyc. 538; Story's Equity Jurisprudence [14th Ed.] vol. 2, p. 40, §625); hence the money with which Mrs. West paid these taxes was, in law and equity, the money of the owners of the property, and her payment was their payment.

2. In ruling on the motion to modify, the court said (referring to that portion of its decree providing for the refund to Mrs. West of "the amount of said taxes so *paid by her*"): "the part she paid with her own money in obtaining this tax sale certificate and the subsequent taxes endorsed on the certificate is what the court had in mind she could not obtain any advantage against plaintiff by doing that; that her relations were such it prevented her from doing that. * * * The reason the court observed in the findings she would not be allowed to assert any title or claim individually against the plaintiff was because of the relations she had with her parents, acting as their agent and in a fiduciary capacity, and if it is true that was her money she would be entitled to its return; that is what the provisions of the decree mean where it speaks on the question." It thus appears the trial court found that Mrs. West stood in a fiduciary relationship to her parents and was acting as their agent. It also appears that it was intended, by the questioned paragraph of the decree, that she be repaid only such portion of the taxes as represented her personal investment. But the trial court apparently overlooked her duty

to separate the funds, and the facts that she had not done so and that the amount allowed her was nowhere adjudicated. It seems perfectly clear, however, that the court did understand, and intended to adjudge, that by reason of the confidential relation Mrs. West could acquire no adverse title based upon her payments. Such is the law. 26 R. C. L. p. 415, §372; *Barlow v. Hitzler,* 40 Colo. 109, 90 Pac. 90.

 Not only was Mrs. West a member of the family and an agent of her parents, she was, in fact, their tenant, and the same rule applies in this state to a tenant. *Hurt v. Schneider,* 61 Colo. 104, 156 Pac. 600, L. R. A. 1916F, 204.

Because of the facts recited in paragraph 1 hereof, we do not here further consider the question of Mrs. West's right to recover her investment or some portion thereof.

It thus becomes obvious that, by the purchase of the certificate in question and the payment of subsequent taxes on the property, Mrs. West obtained no rights adverse to plaintiff, first because she used for the purpose the money of those whose debts she thus discharged, and second because, had she used her own money, both law and equity forbade her so acquiring such rights.

The judgment is therefore reversed in the particular complained of, and the trial court is directed to amend the decree by striking from it the following paragraph: "That the plaintiff may, if it so elects, within thirty days, refund to said Lillian T. West the amount of said taxes so paid by her upon the property herein involved, and then plaintiff may in that event, add such sums to its demand herein and have judgment of foreclosure accordingly in addition to the amount prayed for in the complaint as damages due on said note and trust deed." And that said decree so modified be executed.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, and MR. JUSTICE MOORE concur.

MR. JUSTICE BUTLER concurs specially.

Mr. Justice Butler, concurring:

I concur in the reversal of the judgment for the reason that Mrs. West so commingled her own money with that belonging to the mortgagors that it was impossible for the trial court to determine, from the evidence, what part of the money used by her to purchase the property at the tax sale was her own money and what part was theirs. There was no basis, therefore, for that part of the decree providing for the reimbursement to which Mrs. West would have been entitled had the amount of her own money so used been capable of definite ascertainment.

One part of paragraph 2 of the majority opinion is not clear to me. If it is intended to hold—and it is not clear to me that it is not—that the fact that Mrs. West was an agent or a tenant of her parents, or occupied a confidential relation toward them, is an independent reason, or an additional reason why she was not entitled to reimbursement, I cannot assent to such holding. If she occupied any one of those relations, it is true that if she acquired a tax title to her parents' property, she could not assert it as against them, but would hold it in trust for them, and, upon reimbursing her for her outlay, they would be entitled to a conveyance; or if she held only a tax sale certificate, as in the present case, they would be entitled to a cancellation thereof upon doing equity, that is to say, upon reimbursing her. See application of this principle in *International Trust Co. v. Stearns Investment Co.*, 87 Colo. 31, 285 Pac. 169, 171. Of course, if Mrs. West was under any obligation to pay the taxes with her own money, her parents or, in this case, the Gibson Company, would be entitled, without reimbursing her, to an assignment or a cancellation of the tax sale certificate; but she was under no such obligation. That by the statement in the cases cited in the majority opinion, to the effect that an agent or a tenant cannot acquire a title adverse to his principal or his landlord, was meant that he cannot refuse to convey that title to the principal

or the landlord *upon being reimbursed for his outlay,* is made clear by an examination of those cases. Not one of them supports the proposition that a principal or a landlord or a beneficiary is entitled to a conveyance of the land, or to the assignment or cancellation of a tax sale certificate, without reimbursing the agent or the tenant or the trustee for his outlay. Nor does 15 R. C. L., p. 415, supoprt such a proposition.

In *Barlow v. Hitzler,* 40 Colo. 109, 118, 90 Pac. 90, 93, the court held that the defendant Barlow, having received from the rents, issues and profits an amount ''in excess of the money expended by her in payment of taxes and for the care and preservation of the property, was not entitled to receive *further reimbursement* for the money so expended.''

In *Hurt v. Schneider,* 61 Colo. 104, 156 Pac. 600, the tenant, Hurt, covenanted to pay the taxes for certain years. He acquired a tax sale certificate for a year prior to those mentioned in his covenant, and later received a tax deed based on the certificate. Thereafter he conveyed the land to Green. We held that the heirs of the landlord were entitled to *redeem* from Hurt and Green and have the tax deed cancelled.

So far as the cases cited have any bearing upon the case at bar, they indicate that if the amount of Mrs. West's own money used in the purchase at the tax sale were ascertainable, Mrs. West would be entitled to reimbursement as a condition to the cancellation of her tax sale certificate.

The reason why Mrs. West was not entitled to reimbursement in this case was not, either wholly or in part, because she was an agent or a tenant of her parents, or occupied a confidential relation toward them, but wholly because it was impossible to determine what part of the money used to purchase the property at the tax sale was her own money.