No. 14,101.

Roley *v.* Creel, County Treasurer et al.

(76 P. [2d] 430)

Decided January 31, 1938.   Rehearing denied February 21, 1938.

Mr. Roy A. Payton, for plaintiff in error.

Mr. Riley R. Cloud, for all defendants in error other than Martin.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A suit by the fee holder of certain real estate, to enjoin the Pueblo county treasurer from issuing a tax deed thereto. The county commissioners, and Lora Martin assignee and holder of the tax certificate and

movant for tax deed, were joined as defendants. There was judgment of dismissal.

The property had been sold for the taxes of 1930, and certificate of purchase issued to the county in the sum of the default, or $710.40. Like defaults obtained for the years 1931, 1932 and 1933, and in the respective sums thereof, namely, $553.60, $401.87, and $336.36, endorsements were made on the certificate of purchase, and by December, 1935, an aggregate default of $2,002.23 obtained. In addition thereto, the taxes of 1934, amounting to $329.14, were unpaid. December 23, 1935, the county commissioners, proceeding under section 1, chapter 94, S. L. 1935 ('35 C. S. A., chapter 142, section 249), resolved to sell the above mentioned certificate for the sum of $670.86, provided the purchaser also would pay the current default of $329.14, or a total of $1,000. Mrs. Martin paid that sum to the county treasurer and received an assignment of the tax certificate.

The principal contention is that section 1, chapter 217, S. L. 1935 ('35 C. S. A., chapter 142, section 209), precluded the county commissioners from making sale of the tax certificate in question before December 31, 1935, until when, as said, the fee owner of the property was privileged to pay taxes on his property delinquent August 1, 1934, with abatement of interest and penalties. The statute reads as follows: "Section 1. All taxes heretofore levied against real property which shall have been delinquent on August 1, 1934, if paid on or before the last day of December, 1935, shall not bear interest or penalty, and the amount of such taxes as originally levied without interest or penalty shall be received by the county treasurer of the county in which such property is situated in payment of such taxes and the county treasurer shall thereupon issue tax receipts showing the amount actually paid and reciting that the same is accepted by the county in full settlement of such taxes, interest and penalty. * * * provided, however, that if the tax certificate on any property has previously been sold

at any tax sale, or assigned under proper order of the board of county commissioners, to any individual, firm, association or corporation, the taxpayer shall be required to redeem or pay the same in the manner now provided by law.''

The fee owner made no effort to pay his delinquencies in the manner provided by the statute just quoted, or at all; but he did authorize another to purchase the outstanding tax certificate, the 1934 tax default to be included, and for that purpose he supplied his representative with $1,010, who, on the day the transaction with Mrs. Martin was closed, but subsequent thereto, offered $1,010 for the certificate. The offer was rejected by the county commissioners for the announced reason that the certificate already had been sold. December 26, 1935, the fee owner instituted this suit, and paid into the registry of the court for Mrs. Martin's use, the sum of $1,005, to cover her outlay of $1,000, already mentioned, and some transfer or recording items. It is conceded that to prevent issuance of tax deed, in the circumstances here, the fee owner had until May 8, 1936, in which to redeem from his tax defaults, and it does not appear that an earlier issuance was in contemplation.

We cannot think the fee owner has brought himself within the provisions of the statutes on which he relies, or of any redemption statute. Definite computatation of his defaults, less interest and penalties, does not appear of record, nor do we pause to supply the figure, but it is clear that the sum which he was bound to pay in any event was greatly in excess of the amount he offered for the tax certificate. Besides, the law does not provide that the owner may make purchase of outstanding tax certificates against his property. On the contrary, as we are persuaded, he can be relieved from tax defaults only by paying the sum required by law, mathematically ascertained, to the county treasurer. Here, had the owner proceeded by December 31, 1935, he could have worked redemption by paying the face of

18

his tax exactions, and thereafter, until May 8, 1936, by paying the same exactions, plus interest and penalties. His right to so redeem—and none other was open to him—was not lost or impaired by the sale which the county commissioners made of the tax certificate against his property. The statute did not inhibit the sale of tax certificates, but did extend a measure of relief to harried taxpayers who would liquidate their defaults within a limited time. Since the taxpayer here did not avail himself of the favorable action of the legislative branch of the government, he was not in position to invoke any power the judicial branch is authorized to exercise.

The trial court perceived the controlling principle and adjudged accordingly. Let there be order of affirmance.