No. 14,416.

KOBEY *v.* HERRON.
(98 P. [2d] 473)

Decided November 20, 1939.   Rehearing denied January 29, 1940.

Mr. WILLIAM R. SHAW, Mr. NATHAN R. KOBEY, Mr. WILLIAM A. LEWIS, for plaintiff in error.

332

Mr. FRANK DELANEY, Mr. CHARLES T. MAHONEY, for defendant in error.

*In department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

JOHN L. HERRON, defendant in error, plaintiff below, brought an action in ejectment, including therein a plea of unlawful detention and asking damages therefor, against Bertha W. Kobey, Benj. R. Kobey, and Benj. R. Kobey and Homer Van Loon as sole surviving directors and trustees of the Kobey Shoe and Clothing Company, Colorado corporation, now defunct, and W. K. Hansen. His right to possession was based upon a tax deed (an original and a later correction deed—the court construing them together as one instrument) which the trial court held was good, ousted defendants from possession, and awarded plaintiff $400 damages for wrongful detention. Bertha W. Kobey, who claims to be the fee owner, is the sole plaintiff in error here.

The record discloses the following situation: Defendant Kobey Shoe and Clothing Company apparently had been doing business in the city of Aspen in the building which stood on the premises which were sold for taxes. No taxes had been paid on the property for over ten years, and the delinquent taxes amounted to nearly $2,000.

April 1, 1935, the treasurer of Pitkin county assigned the tax sale certificate of purchase No. 63 of the 1924 delinquent list, to Herron for $7.29, the latter thereupon paying subsequent taxes to and including 1934, in the sum of $446.47, a total of $453.76, as recited in both deeds; all in accordance with the resolution of the board of county commissioners.

The body of the resolution of the commissioners was in words and figures as follows: "The offer of $360.75 for tax sale certificate and taxes up to and including

1933 on the south 75 feet of lots R & S in block 88 Aspen, being certificate No. 63 sold Dec. 17, 1925, was accepted. $360.75 offered in addition to 1934 taxes Total $453.76." Herron's cancelled check, dated April 2, 1935, for $453.76 is plaintiff's exhibit D.

One of Mrs. Kobey's defenses is based on the claim that in response to the published notice she paid the county treasurer $453.76, which she asserts is a "settlement" of the taxes, and that such "settlements" were common in the community. This money was refunded to her, which disposes of the only alleged equity she could have in the case.

■ Thirty-six assignments of error are presented here, but by reason of the view we take of the case it is not necessary that we consider them. "For the purpose of this decision we assume that the evidence is in conflict and accept the finding of the trial court thereon." *Gibson Co. v. Elze,* 88 Colo. 181, 183, 293 Pac. 958. Defendant's counsel epitomize their views of the case in the statement, "This judgment, if permitted to stand, would allow plaintiff to secure from his 'investment' of $453.76 [He paid $100.96 for 1935 and 1936 taxes], a return of $400 in cash, together with the property assessed at $1,500, all as the result of an effort on the part of a new owner to get an adjustment of taxes and to correct a wrongful and erroneous assessment."

■ Mrs. Kobey was and is in no position to question the regularity of assessment as of the time when Herron received his deed. '35 C. S. A., vol. 4, c. 142, §79, C. L. §7256; *Reed v. Zaitz,* 100 Colo. 87, 65 P. (2d) 711; *Olson v. Tax Service Corp.,* 102 Colo. 75, 76 P. (2d) 1113.

■ As the owner, she could make no legal and effective tender of an amount less than the taxes in full, which at the time amounted to $1,865.00. She was in no different position than would have been the original owner had it made the tender. "We are persuaded, he can be relieved from tax defaults only by paying the sum required by law, mathematically ascertained, to the

county treasurer." *Roley v. Creel*, 102 Colo. 15, 17, 76 P. (2d) 430.

■■ "Where, however, there are no equities favoring complainant, relief by way of setting aside the tax sale and cancelling the tax deed will be denied, and the tax deed will not be set aside for minor irregularities working no real prejudice to complainant." 61 C. J. 1406, §1994 (d).

■ A case similar to the present one is *Brown v. Chaney*, 256 Mo. 219 (165 S. W. 335), where the court at page 227 concludes its opinion with the statement, "Apprised of all these facts, he sat idly by and permitted the land to be sold for a song, within earshot of his office. His plea for equitable relief under such circumstances should fall upon deaf ears." In the case at bar the consideration was over $550.

The trial court was fully justified in holding that defendants "had slept on their rights." The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.