No. 14,676.

Tarabino Real Estate Company v. Dunlavy, County Treasurer.

(99 P. [2d] 926)

Decided February 5, 1940.   Rehearing denied March 4, 1940.

Mr. Frank Hall, for plaintiff in error.

Mr. JOHN N. MABRY, Mr. B. H. SHATTUCK, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company, defendant in error as the treasurer, and one Richard Candreva as Candreva.

This was an action in mandamus brought by the company to compel the treasurer to issue a certificate of redemption for lands sold for taxes, and struck off to the county which had assigned the certificate, at a reduction, to Candreva. The alternative writ was issued, a general demurrer thereto sustained, the company elected to stand, and to review the judgment thereupon accordingly entered this writ is prosecuted. On application for supersedeas we have sustained a joint motion to finally dispose of the cause.

The company was the fee owner. The sale was for the tax of 1932, and the certificate was assigned to Candreva in July, 1939. The price to him for the certificate, plus a reduction on subsequent taxes up to and including 1937, plus taxes in full for 1938 ($508.63), was $2,784.39. Had Candreva paid the full face the total would have been $3,847.51, including $275.87 for which the treasurer's records show the certificate was sold.

September 6, 1939, the company tendered the treasurer the exact amount of Candreva's payment, with statutory interest, etc., and demanded its certificate of redemption. The treasurer refused, claiming the company must tender the full $3,847.51. The sole question raised by the assignments is, Must the company, as a condition to redemption, pay the full amount demanded by the treasurer, as held by the court, or only the amount paid by Candreva?

■■ A certificate for land struck off to the county for failure of bidders at the sale is issued by the treasurer to the county and subsequent taxes are indorsed thereon. Thereafter no taxes are payable until redemption or sale. '35 C. S. A., c. 142, §234. Such certificates may be sold by the treasurer for the amount for which the land was struck off to the county, with interest and penalties, or "for such sum as the board of county commissioners * * * may decide and authorize." Sec. 247, id. No mention is therein made of subsequent taxes, nor does the section refer to redemption. Section 264, chapter 142, '35 C. S. A., in effect when the sale was made, has been a portion of our general revenue law, in substantially its present form, at least since 1902. It provides for redemption by payment to the treasurer, for the purchaser, of "the amount for which the same was sold," plus interest, "together with the amount of all *taxes* accruing on such real estate after the sale, *paid by the purchaser* and endorsed on his certificate of purchase, * * *." Section 244, id., provides a form of certificate of purchase and requires that it contain "columns for subsequent taxes." Section 266, id., provides that the treasurer shall, on application of one entitled to redeem, issue certificate of redemption.

The company bases its contention here squarely on said section 264, and particularly on the words "paid by the purchaser," concluding that the sum paid by Candreva is therefore the measure of its redemption. We think its counsel has misconstrued the section, and that, correctly interpreted, it flatly refutes him. It should be noted that the amount payable on redemption is not the *sum* paid by the purchaser, but the *taxes* paid by the purchaser. Where the sale is in regular course to a private purchaser these amounts are equal. Where the land has been struck off to the county and the certificate sold by it at a reduction, these sums may be, as here, vastly different. In such case the purchaser from the county may pay $1,000 in taxes with $500. The assignee

receives with his assignment receipts in full for all taxes due. To redeem the owner must refund *taxes* paid, not *money* paid.

Another interpretation, equally logical, leads to the same result. It will be observed that said section 264 makes no specific reference to lands struck off to the county on which the certificates have thereafter been assigned, but does contain a clause concerning interest on subsequent taxes paid before delinquency, which could not happen in such case. However, if after such striking off and assignment the owner still has, as he must, a right of redemption, that right is to be found only in this section. Neither the word "assignee," nor other term specifically designating the holder from the county, appears therein, but the word "purchaser" appears repeatedly. From the context we conclude that in each instance it may refer either to a private purchaser or to the county to which the land is struck off, as the case may be. Since under section 247, supra, the county itself may, on the expiration of the statutory period, take a deed, the county is the purchaser, and the subsequent taxes paid by it are "all taxes accruing on such real estate after the sale." Such are the taxes "paid by the purchaser and endorsed on the certificate" which the owner, on redemption, must pay to the treasurer.

Counsel for the company says, "We find no Colorado case squarely in point construing the redemption statute under which the plaintiff in error is proceeding." Nor do we. As "decisions of this court which throw considerable light upon the situation," he cites the following: *Stratton v. People,* 18 Colo. App. 85, 70 Pac. 157; *Bean v. Westwood,* 101 Colo. 288, 73 P. (2d) 386; *Charlton v. Kelly,* 24 Colo. 273, 50 Pac. 1042; *Buchanan v. Griswold,* 37 Colo. 18, 86 Pac. 1041; *Commissioners v. Utah-Colo. Co.,* 101 Colo. 372, 73 P. (2d) 987; *Cripple Creek Co. v. Stewart,* 100 Colo. 271, 67 P. (2d) 1032. But either the facts or the statutes therein considered vary so widely from those here presented that we per-

ceive "no considerable light." The same is true of the following, particularly the first, here relied upon by the treasurer. *Roley v. Creel,* 102 Colo. 15, 76 P. (2d) 430; *Bottom v. Young,* 52 Colo. 533, 125 Pac. 500; *Carnahan v. Sieber Cattle Co.,* 34 Colo. 257, 82 Pac. 592; *Henrie v. Greenlees,* 71 Colo. 528, 208 Pac. 468.

Neither the power of the commissioners to reduce subsequent taxes to Candreva, nor the respective rights of the latter and the county with relation thereto, are presented by this record and we express no opinion thereon. Our conclusion is that the statute is correctly interpreted as above and settles the controversy.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE OTTO BOCK concur.