## THE STATE ex rel. WARD v. LINNEY, Appellant.

**Division Two, December 12, 1905.**

1. **TAXES:** Assessment: Insufficient Description. A taxbill which describes a certain three-fourths of an acre in the southwest quarter of the southwest quarter of a certain section as ".75 a pt. S W 4, S W 4, sec. 17, town 61, range 24" in the city of Trenton, State of Missouri, will not support a judgment for taxes. The description is too vague and uncertain.

2. ————: ————: ————: **Cured by Petition.** The fact that the land is correctly described in the petition will not cure the defective assessment and taxbill. On the contrary, it affords proof that the land might have been correctly described in the assessment and taxbill.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*S. S. Kelso* and *W. B. Linney* for appellant.

The court erred in admitting extrinsic evidence to cure defective description in the assessment and back taxbill. An accurate description of land is necessary to a valid assessment of a tax thereon. State ex rel. v. Burrough, 174 Mo. 700; State ex rel. v. Railroad, 114 Mo. 1; State ex rel. v. Mission Free School, 162 Mo. 332; State ex rel. v. Thompson, 149 Mo. 441; State ex rel. v. Sanford, 127 Mo. 372; Western v. Flannigan, 120 Mo. 61; City of Jefferson v. Whipple, 71 Mo. 520; Abbott v. Lindenbower, 42 Mo. 162; sec. 7555, R. S. 1899.

*H. J. Bain* for respondent.

(1) There is no technical rule as to the description of land; as land cannot pass bodily, it is only necessary that it be sufficiently described to identify

192 sup—4

it. If the instrument itself does not identify it, it is sufficient if it refers to other instruments, documents, or records which do describe it. Nelson v. Broadhack, 44 Mo. 603; Brown v. Walker, 11 Mo. App. 234; Adkins v. Moran, 67 Mo. 100; McPike v. Allman, 53 Mo. 551. (2) The law does not require that assessors shall describe in their assessment blanks miscellaneous tracts by meandering lines or their metes and bounds. The general revenue law only provides that these tracts shall be described briefly and shall indicate the quantity and location thereof. Sec. 9168, R. S. 1899. And the statute provides that in all records, certificates and other papers used in making out taxes, letters or figures may be used to denote parts of sections or other subdivisions of real property, and when stated in figures, letters or characters shall be deemed and held to be fully and fairly stated as though the same had been written out in full. Sec. 9328, R. S. 1899. And the enforcement and collection of taxes in cities of the third class shall be made in the same manner as is provided by law in case of State and county taxes. Sec. 5812, R. S. 1899. (3) This tract of land was assessed as the James Merritt tract in section 17, township 61 of range 24 and was described in full in the petition. But even if there were any uncertainty in the description as to the quantity or location of this James Merritt tract, the public records of the county were easily accessible to ascertain or make certain everything concerning it. Upon the principle, that that is certain which can be made certain, the court committed no error in holding that the land was sufficiently described and liable for the tax . Nelson v. Broadhack, 44 Mo. 596; Brown v. Walker, 11 Mo. App. 226; Hammon v. Johnson, 93 Mo. App. 214. (4) The purpose of the tax-bill is to show the fund to which the tax belongs. In a suit to collect back taxes it is the petition and not the tax bill which must set out the cause of action. State ex rel. v. Rau, 93 Mo.

126; Vaughan v. Daniels, 98 Mo. 230; O'Day
v. McDaniel, 181 Mo. 535. The numbers or de-
scription of the land are not specifically called
for or required by the statutes to be set out in the tax-
bill. Vaughan v. Daniels, 98 Mo. 233. The assess-
ment is the basis of the tax. But if a defect in the
assessment is relied on to defeat the tax, it must relate
to the records of the assessor and not to the tax-bill.
In this State the assessment of property is made by
the assessor by calling on the tax-payer and obtaining
from him a list of his taxable property and its value.
Rich Hill Mining Co. v. Neptune, 19 Mo. App. 438;
State ex rel. v. Spencer, 114 Mo. 574. (5) Where land
against which the lien for taxes is sought to be en-
forced is specifically described in the petition and tax-
bill, and the tax-bill and other evidence identify it so
there can be no mistake, the judgment of the court
finding the tax to be due on such land, will be affirmed.
State ex rel. v. Cowgill, 81 Mo. 381; O'Day v. Mc-
Daniel, 181 Mo. 535.

GANTT, J.—This is an appeal from a judgment
of the circuit court of Grundy county, enforcing the
lien of the city for taxes due and owing on certain
real estate belonging to the appellant in the city of
Trenton, in Grundy county. The taxes were for the
years 1898 and 1899. The petition describes the land
as lying and situated in the city of Trenton, county of
Grundy, State of Missouri, to-wit: "a part of the
southwest quarter of the southwest quarter of section
17, township 61, range 24, being within the following
metes and bounds, to-wit: commencing 22 rods south
of the northwest corner of the southwest quarter of
the southwest quarter of said section, running thence
east 9 rods, thence south 13 rods, 16 feet and 3 inches,
thence west 9 rods, thence north to the place of begin-
ning." The certified tax bill offered in evidence, de-
scribed the land as ".75 a pt S W 4, S W 4, sec. 17,

town 61, range 24," in the city of Trenton, State of Missouri. When this tax-bill was offered in evidence, the defendant's counsel objected to the same on the ground that the description was too vague and indefinite to describe the land and support a judgment. This objection was overruled, and the defendant duly excepted. The plaintiff also offered evidence tending to show that this land belonged to Daniel Merritt, and that he had conveyed the three-fourths of an acre described in the petition by the same description, to James Merritt, and that afterwards all the right, title and interest of James Merritt in said lands by the same description had been conveyed by the sheriff of Grundy county to William Mitchell, and that afterwards William Mitchell had conveyed the same by the same description to the defendant Mrs. Linney, and all three of said deeds were duly recorded in the recorder's office of Grundy county.

At the close of the plaintiff's case, the defendant demurred to the evidence, which demurrer was overruled and the defendant excepted, and thereupon judgment was rendered for plaintiff. Neither party introduced any evidence to show that the lands in suit were more specifically described in the assessment books.

. I. Prima facie the certified taxbill conformed to the assessor's books and the tax book certified to the collector. By section 9170, Revised Statutes 1899, it is provided that the assessor's book in the third column should "contain an accurate description of the land by the smallest legal subdivisions or by smaller parts, lots or parcels, when sections and the subdivisions thereof are subdivided into parts, lots or parcels." It is further provided that "at the close of each of the owner's list, the assessor shall place all the lands that appear to belong to the said owner, which cannot be properly described by numerical order, as contemplated in this section, which shall be otherwise properly described, indicating the quantity and loca-

tion thereof." It has been consistently ruled by this court beginning with Abbott v. Lindenbower, 42 Mo. 162, that a valid assessment is essential to a valid tax. and as the statute requires an accurate description, the assessment must contain an accurate description of the land to be taxed. As this court has so recently reviewed this subject in State ex rel. v. Burrough, 174 Mo. 700, we deem it a work of supererogation to again repeat what is said there. The assessment in this case simply describes the land as .75 of an acre in a certain 40-acre tract. That such a description is too vague and uncertain to constitute the basis of a legal assessment, we think is perfectly plain. The fact that the land is correctly described in plaintiff's petition cannot validate the defective assessment and taxbill. And we must hold the assessment and the taxbill is utterly inadequate to sustain the judgment in this case. That the land in this case was susceptible of a perfectly accurate description is demonstrated by the petition in the case and the several deeds of record in Grundy county, so that it appears that there was no excuse for not having described the land accurately as required by the statute in the assessment of it. It follows that the judgment of the circuit court must be reversed, and it is so ordered.

*Burgess, P. J.,* and *Fox, J.,* concur.