# J. SAM BROWN, Appellant, v. L. M. CHANEY et al.

### Division Two, March 24, 1914.

1. **SUIT FOR TAXES: Description of Land.** In a suit for delinquent taxes a necessary part of the cause of action is a definite description of the property in the petition; and a description is sufficient if it will, by its own terms, enable the property to be located. Tested by this rule, a description in the petition as "Lot 66, Block K., W. & B. Map, City of Nevada," is a sufficient description of "Lot 66, Block K, Wood & Blanchard's Map of the City of Nevada," since it is reasonably certain that there is only one lot 66 in Block K in said city, and that if there is more than one such numbered lot and block, there is only one "Wood & Blanchard's Map" on which there are a lot and block so designated. Likewise, a description in the petition of "lots 7, 8, 9 and 10, Block 10, Robinson-Martin's Add. to City of Nevada" is a sufficient description of "lots 7, 8, 9 and 10, block 10, in Robinson & Martin's Addition to the city of Nevada."

2. **TAX SALE: Inadequacy of Price: Must Be Pleaded.** In a suit to set aside a sale of land to pay taxes, inadequacy of price must be affirmatively pleaded or else it will not be a ground of relief. And if brought into the allegations only incidentally and no reference thereto is made in the motion for a new trial, the question of inadequacy of price is not before the appellate court for consideration.

3. ——: **Equitable Relief.** If a private citizen, in his relations to others, must do equity before he can ask equity, then in his relation to the State he must at least do his duty as a citizen before he can successfully obtain the aid of a court of conscience to relieve him from the State's rightfully imposed burdens. A citizen, who was a man of affairs, the owner of much real estate, with extended experience in the transaction of business and an office within a block of the court house, who sat quietly by while the city levied taxes on his lots and gave no heed to a suit brought to enforce the lien, of which he was informed by personal service, is in no position to ask a court of equity to give him relief from a sale of the lots, regularly made, for a small sum, to satisfy the judgment regularly obtained.

Brown v. Chaney.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*M. T. January* and *A. E. Elliott* for appellant.

(1) A tax suit is a proceeding practically *in rem* and the petition is the foundation, and it must contain a full and accurate description of the real estate to be charged. The revenue law authorizes abbreviations in assessments, but not in the tax petition. O'Day v. McDaniel, 181 Mo. 529. (2) Inadequacy of price, coupled with irregularities in the proceedings, will authorize the setting aside of a judicial sale. State ex rel. v. Elliott, 114 Mo. App. 562. (3) The consideration named in a deed is evidence as between the parties, but is no evidence against a third party. Coleman v. Lucksinger, 224 Mo. 18; Allen v. Kennedy, 91 Mo. 324. (4) The plaintiff had a right to ask in his petition, and the court to grant, equitable relief, if necessary, to establish his title. R. S. 1909, sec. 2535.

*Scott & Bowker* for respondents.

(1) The description in the deed and in the petition in this case was sufficient. State ex rel. v. Cowgill, 81 Mo. 381; Miller v. Keaton, 236 Mo. 694; Morrison v. Turnbaugh, 192 Mo. 427. (2) Mere inadequacy of consideration is not sufficient to set aside a tax sale without other equities. Mangold v. Bacon, 229 Mo. 459. (3) Mere irregularity in a tax sale is not sufficient to avoid the sale in a collateral attack made in a suit to ascertain and determine title. Miller v. Keaton, 236 Mo. 694; Morrison v. Turnbaugh, 192 Mo. 427. (4) A tax deed regular on its face is prima-facie evidence of title, and of the truth of the recitals therein. Sec. 11501, R. S. 1909.

WALKER, P. J.—This is an action to quiet title under section 2535, Revised Statutes 1909. Two separate suits were brought to determine the title of the land described herein, and the issues being the same, they were consolidated and tried as one case, and will be so considered here.

The appellant resided in the city of Nevada, where he owned a large number of lots or tracts of land. He failed to pay the taxes on seventeen of these tracts for the year 1904, permitting the same to become delinquent, and in 1909 the treasurer of Vernon county, in which Nevada is located, under his authority as *ex-officio* collector of the revenue, said county being under township organization, brought suits in the circuit court against appellant as the owner of said delinquent lots to enforce the payment of taxes for said year. Personal service was had on the appellant. On a hearing before the court, judgments were rendered in said suits at the May term, 1910, and at the following October term, said delinquent tracts were sold under special executions and were bought by different parties. Respondent Chaney at said sale bought the tract described in the petition as "Lot 66, Block K, W. & B. map, City of Nevada," for six dollars, and "lots 7, 8, 9 and 10, Block 10, Robinson-Martin's Add. to City of Nevada," for four dollars and deeds to said Chaney were thereafter made in conformity with the law. Respondent has since conveyed Lot 66, Block K, by quitclaim deed to George H. and Anna M. Speece, for $400.

Appellant's petitions allege oversight as the cause of his failure to pay the taxes on said lots; that the tax petition insufficiently described "Lot 66 of Block K, W. & B. map of Nevada," the correct description of which is "Lot 66, Block K, Wood & Blanchard's map of the City of Nevada;" and that "lots 7, 8, 9 and 10, Robinson & Martin's Add. to City of Nevada" should have been described as "in Robinson & Martin's ad-

dition to the City of Nevada, Missouri;" that this misled bidders and caused said lots to sell below their real value; that he has tendered respondent Chaney the amount of his bids with interest and expenses, which the latter has refused. Wherefore appellant tenders in court and offers to pay such sums as the court may find respondent Chaney is entitled to by reason of his purchase of said lots, and that the court may set aside said tax deed to respondent and the quitclaim deed to said Speeces, and ascertain and determine the title to said land as between appellant and respondents, and decree that appellant is the owner in fee to said land and that respondents have no right or title thereto.

The answer of respondent Chaney is first a general denial, and, second, that he bought said land at a tax sale, obtained title thereto and as to Lot 66, Block K, conveyed same to George H. and Anna M. Speece.

The answer of respondents Speece is first a general denial, and, second, that they claim the premises described in plaintiff's petition as the owners in fee.

Upon a hearing of these cases before the trial court, a judgment was rendered in favor of the respondents from which the appellant appeals.

Before and during the time of the proceedings herein, the appellant was continuously a resident of the city of Nevada, and had an office within a block of the courthouse. The cause of the non-payment of these taxes as alleged in the petition, and as testified to by appellant, was simply that he had neglected to pay same. No issues are raised as to the regularity of the proceedings other than that the description of the property was insufficient.

An examination of the petition and record entries, therefore, other than to determine their sufficiency in regard to the matter referred to, is not necessary.

I. The rule is well established in this jurisdiction that a proceeding to enforce the State's lien for unpaid taxes is practically one *in rem.* In suits of this character a necessary part of the cause of action is a definite description of the property in the petition. [O'Day v. McDaniel, 181 Mo. 529, 534; Vaughan v. Daniels, 98 Mo. 230, 234; Milner v. Shipley, 94 Mo. 106, 109.] A description is sufficient if it will, by its own terms, enable the property to be located. This is manifest in the cases cited in support of the rule. In the case at bar, the lots and blocks are definitely named, but in one instance only the initials of the name of the map are given, and in the other, the word "addition" is abbreviated thus: "Add." While there is no testimony in regard thereto, it is reasonable to presume that there is only one "Lot 66, Block K" in the city of Nevada, and further, if there is more than one such numbered lot and block, that there is only one "Wood & Blanchard's map" in which there is a lot and block so designated; if so, then the initials "W. & B." following the number of the lot and block sufficiently indicate that "Wood & Blanchard's map" is referred to, and, therefore, serve as an aid to enable the property to be more readily located. We are, therefore, of the opinion that the description is in this regard sufficient to state a cause of action, and that the contention of the appellant should be denied.

In regard to the description of the other tracts: The lots and block are definitely numbered, and the addition in which they are located is specifically named, followed by the abbreviation "Add." By parity of reasoning, if judicial notice may be taken of the fact that "Supt." means superintendent as indicating a managing agent, as was held in Southern Mo. Land Co. v. Jeffries, 40 Mo. App. 360, and that even an information in a criminal case is sufficient, although the letters "Jno." are used instead of the word "John,"

*The marginal note "Tax Sale: Description of Land." appears in the left margin.*

as was held in State v. Granger, 203 Mo. 586, we are not inclined in the instant case, especially where the remainder of the description sufficiently locates the property, to hold that the abbreviation of the word "addition" as "Add." following such description is not sufficient. See in this connection Rosenberger v. Railroad, 96 Mo. App. 504, 507. If further authority be needed to attest the correctness of this conclusion in regard to these descriptions, it is to be found in State ex rel. v. Vaile, 122 Mo. 33, 48, where it is held that the use in a tax bill of such common abbreviations as "ex." for "except," "a." for "acres," and "cor." for "corner" is allowable under the statute. [Sec. 1850, R. S. 1909.]

II. Appellant contends that inadequacy of price will suffice to authorize the reversal of this case. In Mangold v. Bacon, 229 Mo. 459, we held unequivocally, following the general rule heretofore announced in this regard, that "a judgment based, largely or partly, on a finding that the price paid for the land at the tax sale was grossly inadequate, where the petition does not in plain terms count upon inadequacy of price as a ground for setting aside the sale, and where when the value of the land first came up at the trial the court ruled that under the petition that question was not in the case, and defendant accepted that ruling, though the court afterwards admitted some evidence of value 'subject to objection,' cannot stand." Subsequently in the same case on a second appeal (237 Mo. 496, l. c. 521) we held that where the petition sufficiently pleaded the inadequacy of price "a court of equity, acting with caution and only in an aggravated case and when no aid from other equitable consideration is at hand, may set aside a sheriff's deed on the sole ground of a consideration so grossly inadequate as to shock the conscience." The gist of the court's ruling in the last case is that if there be no

*Inadequacy of Price.*

fact or circumstance other than inadequacy of price, then the inadequacy must, in itself, be such as to raise the presumption of fraud, or it will not avail. As to whether the rule, as here generally stated, is under all the facts, applicable to the case at bar, we will discuss later.

Admitting for the nonce the general application of the rule, it cannot apply where the inadequacy is not pleaded, not by implication or as a conclusion of law, but by an affirmative allegation. We state this unqualifiedly, because unless so pleaded it does not become an issue in the case. We do not understand that the Mangold case last referred to announces a different doctrine.

Only in an incidental way does the appellant plead the inadequacy of price. He states in his petitions that his property was and is worth $1400, and that it was sold by the sheriff and bought in by the defendant Chaney for ten dollars. Then follows a specific allegation as to the defective descriptions, which is the burden of the plaint for relief, the paragraph closing with the following: "by reason of all of which bidders were deterred and said land sold much below its real value and was sacrificed." This is all the reference near or remote to inadequacy of price. Even if it be held sufficient as an affirmative plea for relief in this regard, all reference thereto is absent from the motion for a new trial where the errors of the trial court are required to be embalmed to entitle them to an examination here. Not having been planted, therefore, in the pleading nor preserved in the motion for a new trial, the ground of this contention, under the most lax construction of the rules of appellate procedure, is not before us.

We find further no reference to inadequacy of price in the assignment of errors, but as appellant refers thereto in his "points and authorities," this might

be deemed sufficient under our ruling in Collier v. Catherine Lead Co., 208 Mo. 246, and in Mugan v. Wheeler, 241 Mo. 376, if the error complained of had theretofore been properly preserved. In his brief (but not elsewhere) appellant contends that the case should be reversed on account of "inadequacy of price and irregularities;" the former not having been preserved as error is, as we have said, not before us, and the latter, consisting wholly of the alleged insufficiency of descriptions, we have held without merit.

III. The appellant, therefore, is left with the contention alone that he is nevertheless entitled to equitable relief. Why or in what manner is not disclosed. However, we will let the facts as presented at the trial speak for themselves to determine whether in equity and good conscience there is merit in his plea. Appellant had resided for years in the city of Nevada where he had an office for the transaction of his business, within a block of the courthouse. He was, in the language used to designate one of much property, "a man of affairs." He was of extended experience in the transaction of business, he had much real estate in the town and county. He had been paying taxes, as he himself states, for years ,and as his counsel says *arguendo,* "he neglected to pay those due on the property in question and suffered it to be sold for a song." We will not be led into the alluring field of controversy as to whether one, as a citizen, does not owe a higher duty to the State, in the payment of taxes, than in the discharge of an ordinary obligation to an individual, but we may be permitted, at least, to pertinently observe that if one, in his relations to individuals, must do equity before he can ask equity, then in his relations to the State he must at least do his duty as a citizen before he can successfully seek the aid of a court of conscience to secure relief from the State's rightfully im-

*Tax Sale: Equities.*

posed burdens.  Proximity and the sources of information arising therefrom afforded him ample opportunity for knowing that the taxes were due; personal service informed him that suit had been brought to enforce their payment; that notice which judicial action gives to the public brought to his attention the rendition of the judgment and the proposed sale of the land to satisfy same.  Apprised of all these facts, he sat idly by and permitted the land to be sold for a song, within earshot of his office.  His plea for equitable relief under such circumstances should fall upon deaf ears.

From all of which it follows that the judgment of the trial court should be affirmed, and it is so ordered. *Brown* and *Faris, JJ.,* concur.