ELSBERRY DRAINAGE DISTRICT, a Corporation, v. JOHN J. SEERLEY ET AL., Appellants.—49 S. W. (2d) 162.

Division One, April 2, 1932.

*U. S. Smith* and *Creech & Creech* for appellant.

*D. E. Killam, Jos. R. Palmer* and *Omer H. Avery* for respondent.

STURGIS, C.—We adopt substantially appellants' statement of this case, to-wit: This is an action by the Elsberry Drainage District, a corporation, to recover delinquent drainage taxes for the year of 1928 on certain lands alleged to be owned by defendants, John J. Seerley and wife and Charles C. Clark and wife, who, at the time of the institution of this suit, were nonresidents of the State of Missouri and were residents of Des Moines, Iowa. The wives have no interest in the lands except as such. The amount of taxes recovered by the judgment in this case amounted in the aggregate to the sum of $1038.82 and attorneys' fees in the sum of $100. No objection was made to the form of the petition. It recites the fact that the plaintiff, Elsberry Drainage District, was incorporated in April, 1911, by virtue of the provisions of Article 1, Chapter 41, Revised Statutes 1909 (now Art. 1, Chap. 64, R. S. 1929, being Secs. 10073 to 10808 inclusive), and has since said date proceeded under and exercised the rights granted such corporation by such act and the amendments thereto. The plaintiff drainage district covers lands in both Lincoln and Pike Counties, the land in question here being in Pike County, where this suit was brought and tried.

The defendants, upon being served with extraterritorial personal service, filed their motion to quash the writ of summons and the return of the Iowa sheriff thereon, alleging as reasons for the sustaining of said motion that the defendants had not been served with process in the manner required by statute in such cases made and provided. The motion to quash being overruled, defendants filed their answer pleading to the jurisdiction of the court for lack of proper service on defendants, and denying the sufficiency of the description of the lands in the tax bills and drainage tax book to support a judgment for plaintiff.

The case was tried at the April Term, 1930, of the Pike County Circuit Court, and at the trial it was agreed that defendants, John J. Seerley and Charles C. Clark and their wives, the alleged owners of the lands upon which the tax lien was sought to be enforced, were nonresidents of the State of Missouri, and that they were served only in the State of Iowa by extraterritorial personal service. A jury was waived and the cause was submitted to the court. A judgment was rendered by the court in favor of plaintiff as prayed for in plaintiff's petition, from which defendants have appealed.

The petition is not set out in the record for the reason, as agreed by all parties, that its volume and cost of printing would be a useless expense, and by stipulation of counsel it is agreed that the petition is in good, legal and regular form except that appellants (defendants) do not admit that the description of the land set forth in the tax bills sued upon and attached to said petition and admitted in evidence, is such a valid and legal description that a tax lien can be created thereon.

It is agreed that personal service was had on each of the defendants in the State of Iowa in accordance with Section 748, Revised Statutes 1929.

The defendants in this appeal raise three questions for the decision of this court: (1) Is extraterritorial personal service authorized in suits to collect drainage taxes under Article 1, Chapter 41, Revised Statutes 1909 (now Art. 1, Chap. 64, R. S. 1929)? (2) Are the descriptions of the several tracts of land set forth in the tax bills sued upon sufficient to sustain a judgment for a tax lien thereon? (3) Is the judgment erroneous upon its face in awarding a penalty of two per cent per month?

The parties to this controversy are to be commended for presenting this case in a clear, concise manner, raising only certain definite propositions of law and fact to be passed on by this court, and presenting only such parts of the record as are necessary to an understanding of the points involved.

The defendants' first contention is that the court did not acquire jurisdiction in this case for want of proper service on defendants. As stated, the defendants were residents of Iowa and therefore nonresidents of this State. The service on defendants was had by having a summons to defendants in usual form issued and placed in the hands of the sheriff of the county in Iowa where defendants resided, and he delivered a copy of the petition and summons to each defendant in conformity to Section 748, Revised Statutes 1929, providing for personal service against nonresident defendants. The only objection raised is that in suits like this to collect delinquent drainage district taxes, valid service cannot be had in this way; that the only method of service in such suits is by publication as provided by Section 739, Revised Statutes 1929. Plaintiff's argument is that Section

10765, Revised Statutes 1929, provides that service of process on non-residents in suits to collect delinquent drainage taxes "shall, except as herein provided, be the same as in an action for the enforcement of the State's lien for delinquent general taxes upon real estate," and that such method is by publication only.

The statute providing for service on defendants in suits to collect delinquent general taxes is Section 9952, Revised Statutes 1929, which provides that in case of *non est* returns the court may order notice by publication, "and in all cases where it shall be alleged in the petition, or in an affidavit subsequently filed with the clerk, that the defendants or any one of them is a nonresident of the State of Missouri, so that the ordinary process of law cannot be served upon them, then such order may be made, and such *notice by publication* given by the clerk of the court in vacation, and which notice shall be published in like manner and with the same effect as when ordered by the court." Section 9953, Revised Statutes 1929, then provides: "And all notices and process in suits under this chapter shall be sued out and served in the same manner as in civil actions in circuit courts; and in case of suits against nonresident unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property. In all suits under this chapter, the general laws of the State as to practice and proceedings in civil cases shall apply, so far as applicable and not contrary to this chapter."

Turning to the general code of civil procedure to which reference is thus made, we find that Section 739, Revised Statutes 1929, and following, provides generally in what suits orders of publication may be made, inclusive of "the enforcement of mechanics' liens and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court," and how, where, and how long published. This statute applies to suits for delinquent taxes. [Cruzen v. Stephens, 123 Mo. 337, 342.]

Then follows Section 748, Revised Statutes 1929, providing for personal service on nonresident defendants, which says: "In any of the cases mentioned in Section 739, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each defendant residing or being without this State, and at any place within the United States or their territories, twenty days before the commencement of the term at which such defendant or defendants are required to appear." Provision is then made as to the manner of serving such summons and proof of the same. Such statute then further provides: "And any return of service, made and certified

as above provided, shall be prima facie evidence of the facts stated in such return. If the plaintiff, or his attorney of record, in any of the causes mentioned in section 739, shall allege in his petition or at the time of filing same, or at any time thereafter shall make the affidavit required by said section, and shall file in said cause proof of service of process on any defendant or defendants, in conformity with the provisions of this section, it *shall not be necessary* for such plaintiff or plaintiffs *to obtain the order* provided in section 739 or to procure the publication provided in section 747. Service of process *in conformity with this section* shall be as effectual within the limits of this State as personal service within this State, and judgment rendered against defendants thus served shall have the same effect and force within the limits of this State as judgments rendered against defendants personally served with summons in this State.''

It is conceded that the provisions of this statute were fully complied with.

It thus appears that in all cases covered by Section 739, Revised Statutes 1929, which includes suits for delinquent drainage taxes, personal service of summons may be had on the nonresident defendants in the manner provided by Section 748, Revised Statutes 1929, as a substitute for an order of publication. Service by either method is valid. Such substituted service was had in this case. Not only was such personal service permissible and lawful, but plaintiff is to be commended for using the method of service which gave defendants actual instead of constructive notice of the pendency of this suit. This point is therefore ruled against defendants.

The second proposition presented is that the description of the property against which a judgment lien for the taxes sued for is asked is so insufficient and indefinite that no judgment can be rendered. The petition is in two counts for the taxes of 1928, the first count covering taxes designated in Tax Bill ''A'' as ''Original District,'' and the second count covering taxes designated in Tax Bill ''B'' as ''North Extension.'' Each count of the petition covers four separate tracts of land, described separately in each count, with the taxes assessed against each, and the judgment rendered is against each of such four tracts for the aggregate of the taxes prayed for in both counts. The tracts as described in the *judgment* (and petition), with the acreage, amount of taxes and interest assessed against each, and numbered by us for convenience, are as follows:

Tract No. 1

That part of the Northeast quarter of the Southwest quarter of Section 21, Township 52, Range 2 East, lying East and North of ditch right of way, being part of tract No. 10, Denny's subdivision, containing 19.99 acres. Taxes $147.23.

Tract No. 2

The Northeast quarter of the Southeast quarter of Section 21, Township 52 N., Range 2 East, except ditch right of way, and being a part of tract No. 10 of Denny's subdivision, containing 42.48 acres, except a strip of land described as follows: A strip of land 290 feet wide off of the East side of the Northeast quarter of the Southeast quarter of said Section 21, beginning 33 feet south of the center of Section 21, and extending to the Southeast corner of said Northeast quarter of the Southeast quarter of said Section 21, and containing 9.4 acres, except right of way of Bland Ditch of the Elsberry Drainage District, containing 33.08 acres. Taxes $384.72.

Tract No. 3

The Northwest quarter of the Southeast quarter of Section 21, Township 52, Range 2 East, except ditch right of way, being part of tract No. 10 of Denny's subdivision, containing 42.75 acres. Taxes $322.11.

Tract No. 4

That part of the Southwest quarter of the Southeast quarter of Section 21, Township 52, Range 2 East, lying north of the levee and east and south of ditch right of way, being part of tract No. 10 of Denny's subdivision, and except a strip of land 90 feet wide, beginning at a point 290 feet from the East line of the Southeast quarter of the Southeast quarter of Section 21, Township 52, Range 2 East, and being adjacent to and parallel with the North side of the North line of Bryant's Creek Diversion·Channel, and extending west to the East right of way line of the main channel of the Elsberry Drainage District, containing 2 acres, more or less, and containing 15.48 acres. Taxes $184.76.

This land is described in both Count 1 and Count 2 of the petition the same as in the judgment as above set out. It is also conceded that the description of the land as contained in the petition and judgment is the correct land owned by defendants. The question first presented is whether the description contained in the assessment and Tax Bill "A" is sufficient to sustain the judgment as to such tracts.

The general rule in this class of cases is that the description of the land against which taxes are to be enforced must be definite and certain, and that it is sufficiently definite and certain if the description by its own terms will enable one reasonably skilled in such matters to locate it. [Brown v. Chaney, 256 Mo. 219, 223.] "It has been

consistently ruled by this court beginning with Abbott v. Lindenbower, 42 Mo. 162, that a valid assessment is essential to a valid tax, and as the statute requires an accurate description, the *assessment* must contain an accurate description of the land to be taxed." State ex rel. v. Linney, 192 Mo. 49, 53. And in State ex rel. v. Hamilton, 293 S. W. 378, this is said: "We have uniformly held that a valid assessment is essential to a valid tax; and the statute requires the assessment to contain an accurate description of the land to be taxed." See, also, State ex rel. v. Burrough, 174 Mo. 700, 707, where it is held that it is not sufficient that the *petition* correctly describe the land, but the assessment and tax bill must contain a correct and definite description.

The description of the land contained in Tax Bill "A," offered in support of the first count of the petition, describes the land thus, numbered by us for convenience:

| | Name of Owner | Acres | DESCRIPTION OF LANDS Parts of Sections or Parts and Numbers of Survey | Sec. | Twp. | R. |
|---|---|---|---|---|---|---|
| Tract 1 | Seerley & Clark | 19.99 | NESW that Pt. Lying E & N of ditch R of W. being pt. tract No. 10 D's SubD. | 21 | 52 | 2E |
| Tract 2 | | 33.08 | NESE (Exc ditch R of W) being pt tract No. 10 D's SubD. | 21 | ,, | ,, |
| Tract 3 | | 42.75 | NWSE (Exc ditch R of W) being pt tract No. 10 D's SubD. | 21 | ,, | ,, |
| Tract 4 | | 15.48 | SWSE that pt N. of levee & E & S of ditch R of W being pt tract No. 10 D's SubD. | 21 | ,, | ,, |

As the tax bill is a certified copy from the tax book, which, in turn, is made from the assessment roll, we take it that the tax book and assessment roll contains the same description of the land as the tax bill. [State ex rel. v. Linney, 192 Mo. 49, 52.]

One objection made to the tax bill is that the owner of each tract must be shown and that Tracts 2, 3 and 4 show no owner as the owner's name is not repeated and there are no ditto marks or other designation of the owner. This tax bill, however, purports to be a tax bill against the lands of Seerley & Clark and there is no need of the name of such owner being repeated in connection with each separate tract. It is plain, we think, that the tax bill contains a list of lands owned by and assessed to Seerley & Clark as owners, and the court properly so found. This objection is not allowed.

Another objection is that the letters "NESW" in describing Tract 1, or "NESE" in describing Tract 2, etc., do not necessarily mean the Northeast quarter *of* the Southwest quarter of the designated section, but might as well mean the Northeast quarter *and* the Southwest quarter of such section, and that there ought to be a period after each letter, thus: N. E. of the S. W. of the section designated by numbers.

Section 10765, Revised Statutes 1929, relating to drainage district taxes, provides that "in actions instituted under this article the same abbreviations shall be allowed and the aforesaid 'drainage tax book' shall have the same probative effect as the back tax bill has in actions for the enforcement of the State's lien for general taxes upon real estate."

Section 9978, Revised Statutes 1929, relating to general taxes, provides: "In all advertisements, notices, lists, records, certificates, deeds or other papers, required to be made by or under any of the provisions of this chapter, it shall be lawful to use letters, figures and characters, as follows: Letters may be used to denote township, range, boundaries, parts of sections, parts of lots or blocks, or other subdivisions of real estate, in the following manner: T for township, R for range, L for lot, B for block, N for north, E for east, S for south and W for west, or any combination or combinations of the four last mentioned letters to denote parts of sections, lots, blocks, or other subdivisions of real property. Figures may be used as may be requisite to state any number required, whether it be of township, range, survey, section, block, lot or part thereof, acres or fractions thereof, date of any kind, amount of taxes, interest or costs, or any other matter or thing which may be stated or given in figures. Characters, such as ' '',' or the words 'do,' or 'ditto,' or 'same,' may be used to denote continuation of township, range, years, tax due or other dates, and when either shall be so used, shall be deemed and held to denote the same as shall stand next above in the column in which any such character or word shall be so placed; any and all descriptions of real estate made under the provisions of this chapter by the use of letters, figures and characters, as provided in this section, when so made that the land or lot may be identified and located, shall be deemed and held to be good, valid and complete, as

though the same had been written out in full. Dates of valuation and taxation, taxes, interest, costs, acres, blocks or lots, or any fractions thereof, or any other number or amount, when stated in figures, letters or characters, as herein provided, shall be deemed and held to be fully and fairly stated, as though the same had been written out in full."

It will thus be seen that any combination of the letters "N E S W" denoting directions may be used in describing parts of sections and that periods are not required. This section, we think, merely gives legal sanction to a common practice of abbreviating the usual sub-divisions of a section into forty-acre tracts. A combination of two of such letters designates a quarter-section or one hundred sixty acres, and a combination of four such letters designates a quarter of a quarter-section or forty acres. Anyone familiar with such common abbreviated land descriptions knows that "NESW" means the Northeast quarter of the Southwest quarter of the designated section. Such assessment and tax bill is not void "because of using abbreviations which are well understood in describing land." [Miller v. Keaton, 236 Mo. 694, 706.]

In State ex rel. v. Vaile, 122 Mo. 33, 49, the court held that sixty-eight acres "S. end W. ½ NW." means sixty-eight acres off the south end of the West half of the Northwest quarter of a named section, and said: "The use of letters to designate the part of the section and township and range is allowed by the statute. It provides that certain letters may be used instead of words, that is to say: 'T for township, R for range, L for lot, B for block, N for north, E for east, S for south, W for west, or any combination or combinations of the four last mentioned letters to denote parts of sections, lots, blocks, or other subdivisions of real property.' The only remaining alleged defect in the description arises out of the abbreviations 'ex.' for except, 'a' for acres, and 'cor.' for corner. A description of lands by well understood abbreviations is sufficient. [Cooley on Taxation (2 Ed.) p. 408; Black on Tax Titles (2 Ed.) sec. 114.] And the above abbreviations are in every day use and well understood."

Clearly, the abbreviations "that Pt. Lying E & N of ditch R of W" means the part lying east and north of the ditch right of way. and this description, without more, makes a correct and definite description. Whether the further abbreviation "being pt. tract No. 10 D's SubD" adds anything to the description or aids in locating the land is not material, though it is claimed that it further identifies the tract as being a part of tract No. 10 of Denny's Subdivision, of which there is a plat on record in the recorder's office. There is no proof in the record of this fact.

The objections to this tax bill were properly overruled as to Tract No. 1. What we have here said also applies to Tract No. 3.

As to Tract No. 2, the judgment and petition do not correspond in description to the tax bill. If we reject from the description in the tax bill the words "being pt. tract No. 10, D's SubD." as being surplusage and too indefinite to make the description definite and certain, we have only the description "33.08 acres NESE (Exc. ditch R of W)," which would mean 33.08 acres, the Northeast quarter of the Southeast quarter of Section 21, Township 52, Range 2 East, which is apparently a sufficiently definite description to warrant an assessment of taxes against all the Northeast quarter of the Southeast quarter except the ditch right of way. But the petition does not allege defendants' ownership of, nor is the judgment against a tract of land answering that description. The description in the judgment shows a tract described as the Northeast quarter of the Southeast quarter (apparently 40 acres), containing 42.48 acres, but excepting therefrom a tract of 9.4 acres, described by metes and bounds, as constituting a strip 250 feet wide off the east side thereof, and reducing the acreage to 33.08 acres. The tax bill description makes no such exception, nor does it indicate that a considerable strip off the east side of said Northeast quarter of the Southeast quarter is not owned by defendants nor liable for the taxes sued for. The judgment can only be against the land described in the tax bill, and the court cannot correct such description so as to make it conform to the land owned by the defendants. [State ex rel. v. Wabash Railroad Co., 114 Mo. 1, 11.]

What is here said applies to Tract No. 4 of Tax Bill "A," and the judgment as to such taxes must be held void.

This disposes of the case as to the land covered by Tax Bill "A" and the first count of the petition.

It will not be necessary to copy Tax Bill "B" sued on in Count 2 of the petition and which is the basis of the taxes for 1928 for the "North Extension" of the Drainage District. The description of Tracts 1 and 3 as described there is substantially the same as in Tax Bill "A" heretofore copied, and the same objections as to descriptions are raised here. What we have said disposes of such objections adversely to the defendants as to Tracts 1 and 3. As to Tract 2, a different description is given in this Tax Bill "B," which is "42.48 acres NESE (exc ditch R of W) being pt tract No. 10, D's SubD., Except 9.4 Acres." This is an entirely different acreage than that given in Tax Bill "A" (33.08) and excepts 9.4 acres therefrom without designating what part of the tract is excepted. This description is too indefinite and does not correspond with the description of Tract 2 in the judgment. The description of Tract 4 in this Tax Bill "B" also does not correspond with and support the judgment as to Tract 4 as heretofore shown.

The other point raised by defendants is that the court erred in allowing and adding to the judgment a penalty of two per cent a

month for failure to pay the taxes when due. It is claimed that only one per cent per month is allowable under Section 10762, Revised Statutes 1929. The statute, Section 4397, Revised Statutes 1919, was amended in this respect in 1929 (Laws 1929, p. 183), and the taxes here sued for became delinquent on January 1, 1920, before the amendment took effect. The amendment is not retroactive. Besides this, the defendants did not raise this point in the trial court by motion in arrest, none being filed, or by their motion for new trial. This point, therefore, is not here for consideration.

The cause is therefore reversed and remanded with directions to enter judgment as heretofore for plaintiff as to Tracts 1 and 3 for the taxes shown by Tax Bills "A" and "B," and for costs; and to find for defendants as to Tracts 2 and 4. It is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.