**L.R. RULEY, Plaintiff-Respondent,**

v.

**Leo A. DREY, Defendant-Appellant.**

**No. 12556.**

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 24, 1982.

L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiff-respondent.

David L. Steelman, Steelman & Limbaugh, Salem, for defendant-appellant.

PREWITT, Judge.

The trial court quieted title in plaintiff to an unimproved 20-acre tract in Carter County. Defendant appeals. Plaintiff's petition said he was the owner of the tract; that defendant was claiming it; and asked the court to quiet title to it in plaintiff. Defendant's answer and counterclaim stated that he was the owner and defendant sought to have title quieted in him.

Plaintiff claims he received title to the premises by a warranty deed from W.H. Bradley to him dated August 10, 1961 and recorded August 17, 1961. In that deed the property was described as the "Northwest Quarter (NW¼) of the South Half (S½) of the Southeast Quarter (SE¼) of Section Seven (7), Township Twenty Five (25) and Range Three East (3E) of Carter County Missour, containing 20 Acres more or less". Charles A. Bradley conveyed the land to W.H. Bradley by deed dated December 31, 1942, and recorded July 3, 1945. The property was described the same in that deed as the deed to plaintiff except Missouri was correctly spelled. Charles A. Bradley had received a deed to a larger tract including the property in question here from J.D. Hyatt and Dora L. Hyatt dated May 13, 1924 and recorded June 4, 1924. This deed conveyed "The South half (S½) of the Southeast (SE¼) quarter of Section Seven (7) Township Twenty-five (25) and Range Three (3) East, of Carter County, Missouri." Copies of the three deeds were introduced in evidence by plaintiff. Since the deed of August 10, 1961 plaintiff has paid real estate taxes on a 40-acre tract described in the tax receipts as the "SE¼ SE¼" of Section 7, Township 25, Range 3 East, in Carter County.

Defendant claims the property through a collector's deed dated August 28, 1958 and

recorded that day. It recited that on August 28, 1958 defendant presented a certificate of purchase showing that on August 27, 1956 he purchased the property at a tax sale held because of nonpayment of taxes for 1953, 1954 and 1955 delinquent in the name of J.D. Hyatt. The property in the deed was described as the "N½ SW¼SE¼ Sec. 7 Township 25 Range 3E" in Carter County, Missouri. Since the collector's deed defendant's tax receipts show that he has paid real estate taxes on 20 acres, the "N½ SW¼SE¼" in Sec. 7 Township 25 Range 3 East in Carter County.

While plaintiff alleged adverse possession of the property in his petition, at the trial he claimed title only through the deeds to him and his predecessors. Defendant relied upon his collector's deed and adverse possession. The trial court found that plaintiff received title to the property by the deed from W.H. Bradley; that defendant did not establish adverse possession of the property; and that defendant's collector's deed, "while . . . prima facie evidence of title", was defective, apparently because it "does not describe the property with reasonable certainty".

■ As plaintiff acknowledges, a collector's deed is "prima facie evidence of a good and valid title in fee simple in the grantee". § 140.460.2, RSMo 1978.[1] The party challenging a collector's deed has the burden to prove its invalidity. *Scott v. Unknown Heirs of Solomon Garrison,* 361 Mo. 643, 235 S.W.2d 372, 374 (1951). Plaintiff correctly contends that while prima facie evidence of title, a tax deed does not prevent an opponent from offering evidence at variance with the title, and a tax deed which does not describe the property with reasonable certainty is defective. See *Moise v. Robinson,* 533 S.W.2d 234, 241 (Mo. App.1975).

Plaintiff states that the collector's deed to defendant "is subject to challenge for the reason that the property described in the tax deed was not the same property that was shown as being owned by J.D. Hyatt" and "that the difference in descriptions constituted a defect in the tax title". He contends that the combination of the difference in descriptions and the error in the person in whose name the taxes were delinquent rendered the deed defective as the owner would be unlikely to know it was his property that was sold. Responding to defendant's brief, plaintiff also states that defendant's "bold statement that in this case that the descriptions were clearly ascertainable would apply perhaps to a lawyer or surveyor but the facts that this lawsuit was filed by the Respondent is evidence in and of itself that at least Respondent did not deem the description as adequate as what Appellant would have this Court believe."

■ Plaintiff did not testify and even if he had we do not think that whether he deemed the description accurate or not is relevant if in fact it properly described the property. As plaintiff's petition acknowledges, the description in plaintiff's deed and defendant's deed, while different in language, both described the same land.[2] It is not required that the description in a collector's deed use the same language as in the record title holder's deed. See § 140.530, RSMo 1978. If a collector's deed describes the land with reasonable certainty, the description is sufficient. *Leucke v. Russell,* 632 S.W.2d 40, 43 (Mo.App.1982).

Citing *Hartley v. Williams,* 287 S.W.2d 129 (Mo.App.1956), and Mo.Bar Title Examination Standard 24, 23 V.A.M.S. ch. 442 app. plaintiff contends that the tax deed does not provide good title and is subject to challenge within 27 years unless deeds from

1. The statutes cited herein have remained the same since before the tax sale through the date of trial. See Chapter 140, RSMo 1949, RSMo 1959 and RSMo 1969.

2. The petition stated that "said real estate is situated in the County of Carter, State of Missouri, to-wit:

All of the Northwest Quarter of the South Half of the Southeast Quarter of Section 7, Township 25 North, Range 3 East. (Also known as the North Half of the Southwest Quarter of the Southeast Quarter of Section 7, Township 25 North, Range 3 East)".

all persons who have a right to attack the title are received or a quiet title action has been successfully completed. However, here we are not concerned with whether, when this suit was filed, defendant had "marketable" title or "merchantable" title. We are concerned with whether the collector's deed established title in fact in defendant.

■ The collector's deed was a prima facie showing that defendant had "good and valid title in fee simple", and plaintiff did not meet his burden to prove otherwise. The form and execution of the deed appears to comply with § 140.460, RSMo 1978. Certain abbreviations, including those used in the description here, are authorized for collector's deeds. See § 140.180, RSMo 1978. By the use of those abbreviations the land was described with reasonable certainty.

■ A sale and collector's deed are not invalid because the taxes are shown delinquent in the name of someone who is not the owner. § 140.500, RSMo 1978; *Evans v. Brussel,* 330 S.W.2d 788, 791 (Mo.1959). If that does not invalidate a deed, then we do not see why a proper description combined with it would do so. As a practical matter, the differences that occurred here may make it more difficult for an owner to recognize his property. However, as the description of the property is not required to be in the same language as the owner's deed and as the mistake in the owner's name is not a ground for invalidating the deed, the collector's deed must be upheld.

The judgment is reversed and the cause remanded to the trial court with directions to set aside the judgment in favor of plaintiff and to enter judgment in favor of defendant quieting title to the property in defendant.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.