Edith L. MUNDAY, Plaintiff-Appellant,

v.

E.V. THIELECKE, et al.,
Defendants-Respondents.

Nos. 41999, 42003.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 10, 1983.

Application to Transfer Denied
March 29, 1983.

Sleater & Sleater, W.W. Sleater, Clayton, for plaintiff-appellant.

Harlan & Harlan, John L. Harlan, Edwin Rader, Clayton, for defendants-respondents.

SIMON, Presiding Judge.

This is an appeal by Edith L. Munday (Munday) and E.V. Thielecke (Thielecke) from a judgment of the Circuit Court of St. Louis County, Missouri. The trial court

held that Charles L. Jost (Jost), respondent held fee simple title to property located at 425 South Clay Avenue, Kirkwood, Missouri. We affirm.

The relevant facts are as follows: Thielecke's mother, known as "S. Gilboe" owned the property in question at the time of her death in 1967. Thielecke inherited the property. In 1970, Munday obtained a judgment against Thielecke for a prior debt. Executing on this judgment, the sheriff sold the South Clay property and various other properties owned by Thielecke. Munday purchased the South Clay property at the execution sale and recorded her deed. Thielecke continued to reside on the South Clay property.

The 1968, 1969, 1971 and 1972 tax bills were never paid. Consequently, the Collector's Office, in accordance with § 140.010 *et seq.* RSMo (1978), advertised the South Clay property for sale in the "St. Louis Countian," in 1973. The advertisement appeared for three consecutive weeks, listing the owner as "Gilboe, S." as per the land tax book in the Collector's office. The advertisement also contained the locator number, the legal description of the property and the amount of taxes due for the years 1968, 1969, 1971 and 1972. Munday's name did not appear in the advertisement.

On August 23, 1973, Jost attended the tax sale and purchased the South Clay property for $1348.00, the amount of the tax deficiency. About one month later, he received a "Tax Certificate of Purchase." Two years later, Jost received a Collector's Deed, and recorded it. Jost has since paid all property taxes and some maintenance costs on the property.

Several actions have been filed regarding the ownership and possession of the South Clay property. Initially, a landlord-tenant action for unpaid rent was filed by Munday against Thielecke. Thielecke counterclaimed against Munday for allegedly asking the Public Administrator of the City of St. Louis to open an estate for Thielecke's mother. Munday then added Jost as a par-

ty defendant in order to clear the title to the property. Thielecke then crossclaimed against Jost alleging that Jost's Collector's Deed was null and void.

Jost also filed a separate rent and possession action against Thielecke. Thielecke moved to consolidate Munday's and Jost's actions, but his motion was denied. Jost's rent and possession action is not a part of this appeal.

In the instant action, the trial court found that Jost owned the South Clay property in fee simple. Although both Munday and Thielecke appealed from this ruling, only Munday filed a brief with this court. Thielecke appeared *pro se* at oral argument.

Three points of error are raised: (1) the trial court erred in finding that Jost owned the South Clay property in fee simple because: (a) Munday's name did not appear in the Tax Collector's advertisement; (b) the "St. Louis Countian" is not qualified for legal advertisement; and (c) Munday's name did not appear in the publication certificate, the receipt-certificate of purchase, or the Collector's Deed, and thereby deprived her of notice of the sale of the property; (2) the trial court erred in finding that the consideration paid by Jost for the property was adequate; (3) Jost failed to attorn his deed to either Thielecke or Munday and, therefore, is barred from instituting his action for possession by a purchaser.

■ In a court tried case, we defer to the trial court's evaluation of the credibility of the witnesses and will not disturb the judgment if it is supported by substantial evidence and the law has been correctly declared and applied. *Hewitt v. Hager,* 639 S.W.2d 262, 263[1] (Mo.App.1982).

■ The first argument, that Jost is not entitled to fee simple ownership in the property, finds no support in Missouri law. In Missouri, the Jones-Munger Tax Law § 140.010 *et seq.* RSMo (1978) provides a summary procedure for the discharge of tax

liens by a sale of the property. The statute has withstood constitutional attack. *McMullin v. Burmer Carter Service Plumbing & Heating Co., et al.,* 639 S.W.2d 815, 817 (Mo. banc 1982).

Section 140.150.2 RSMo (1978) prohibits the sale of any real property unless the notice of sale reflects the name of all record owners *or* the names of all owners *appearing on the land tax book.* (emphasis added) In the case at bar, the Collector's land tax book listed "S. Gilboe" as the person to be assessed for real estate taxes. Thus, the Collector's advertisement of the tax sale reflecting the name of the person appearing on the land tax books complied with the statutory mandate.

The contention that the "St. Louis Countian" is not qualified for legal advertisement is also unconvincing. The "Countian" is the generally accepted medium for legal advertising in St. Louis County. Section 493.050 RSMo (1978), Rules of Court, 21st Judicial Circuit, St. Louis County, Missouri, Rules 36.3.3 and 37.1.1 (March 15, 1981).

The second point on appeal is that the consideration paid for the property was inadequate. Since 1977, inadequate consideration has not been recognized as sufficient reason to invalidate a Collector's Deed. In *Powell v. County of St. Louis,* 559 S.W.2d 189, 195[4] (Mo. banc 1977), our Supreme Court, overruling a line of cases that recognized inadequate consideration as a basis to cancel Collector's Deeds, held that a Collector's Deed should not be voided for inadequacy of consideration. Thus, the second point is also unconvincing.

Finally, it is contended that because Jost failed to exhibit his deed to either Munday or Thielecke, he is barred from proceeding with the lawsuit. Munday cites no relevant authority to support her claim, and we have been unable to locate any. In any event, Munday is not a tenant, and the concept of attornment is inapplicable to her.

§§ 441.140, 441.150. In addition, the Jost-Thielecke landlord-tenant suit is not part of this appeal. Therefore, we find that the third point on appeal is also unconvincing.

Accordingly, the judgment is affirmed.

STEPHAN and SATZ, JJ., concur.