Charlotte MASON, Plaintiff-Appellant,

v.

Toman WHYTE and Alice Whyte, his wife, and John Brown and Mrs. John Brown, his wife, Defendants-Respondents.

No. 46592.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 11, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Louis Jerry Weber, Hillsboro, for plaintiff-appellant.

Earl R. Blackwell, Hillsboro, for defendants-respondents.

JAMES K. PREWITT, Special Judge.

■ Appellant sought to quiet title to land she purchased at a tax sale and to eject respondents Brown from the property. The trial court denied appellant's requests, holding that the sale was invalid because the notice of it did not contain the names of all the owners of the property and that the consideration paid by appellant for the land was "so grossly inadequate as to be unconscionable". It also held that the collector's deed was void because its legal description was insufficient. This court has jurisdiction because this matter can be determined by applying the revenue laws and not construing them. See *Leuck v. Russell*, 632 S.W.2d 40, 41 (Mo.App.1982).

On January 1, 1972, Robert A. Prater and his wife, Hazel M. Prater, were the record owners of the property. It was assessed for taxes of $28.01 for 1972, and when they were not timely paid they were entered in the Jefferson County Land Tax Book as delinquent by "Prater, Robert A. and wife". On April 4, 1972, by deed recorded May 25, 1972, the Praters conveyed their interest in the property to Truman L. Evans and Mary R. Evans, his wife. The Evanses conveyed the property to respondents Whyte by deed dated April 14, 1977, and recorded April 19, 1977.

Because of nonpayment of the 1972 taxes the property was advertised and sold by the Jefferson County Collector to appellant on August 25, 1975, for $75. Appellant received a certificate of purchase and upon presenting the certificate to the Jefferson County Collector, she received a collector's deed on September 1, 1977. That deed was recorded on September 6, 1977. It described the property purchased and conveyed as being "situate in the County of Jefferson, and State of Missouri, and described as follows, namely:

Echo Valley Ranch Sub. of Lot 22

Lot 22D

School Dist. R–1 Road Dist. 16"

Respondents Whyte moved onto the property in the late summer of 1977 and resided there until 1980. In March 1980 they moved from the property and respondents Brown, the sister and brother-in-law of Mrs. Whyte, moved onto the property as "caretaker" for the Whytes. On November 3, 1980, a real estate broker acquaintance of appellant wrote respondent Toman Whyte concerning appellant's claim to the property. Respondents Whyte presented undisputed evidence that this was the first actual notice they had of the unpaid 1972 taxes or that any problem existed with respect to their ownership of the property. On December 2, 1981, appellant brought suit to quiet title to the property as against respondents and to eject respondents Brown from it. Respondents Whyte filed a "cross-bill" seeking to have the tax deed declared void and asking that fee simple title to the property be declared in them.

■ Appellant's collector's deed is prima facie evidence of valid title in fee simple in her and respondents challenging that deed have the burden of proving its invalidity.

§ 140.460.2 *; *Ruley v. Drey,* 643 S.W.2d 101, 103 (Mo.App.1982).

We first discuss whether the notice of the tax sale made the sale and the collector's deed invalid because it did not contain the name of all the owners. It showed the taxes as owed by "Prater, Robert A. & Wf." The trial court found that the abbreviation "Wf." made the notice insufficient. Respondent also contends that the notice was defective because at the time it was published the Evanses were the record owners of the property.

■ Mo. Const. Art. X, § 13 and §§ 140.150.2 and 140.170.2 require that notice of a tax sale contain the names of all record owners or the names of all owners appearing on the land tax book. An advertisement of a tax sale using only the names of the persons appearing on the land tax books complies with this requirement. See *Munday v. Thielecke,* 646 S.W.2d 817, 819 (Mo.App.1982). See also, *Nole v. Wenneker,* 609 S.W.2d 212 (Mo.App.1980). The Praters were the owners at the time the taxes accrued and the taxes were properly assessed against them. See §§ 137.075, 137.215. The land tax book listed the owners as "Prater, Robert A. and wife". We think that the abbreviation "Wf.", while not one authorized by § 140.180, would be sufficiently clear that a person reading "Prater, Robert A. & Wf." would know that it meant "wife". The use of well understood abbreviations in tax sale proceedings do not make the sale void. *Elsberry Drainage Dist. v. Seerley,* 329 Mo. 1237, 49 S.W.2d 162, 166 (1932); *Brown v. Chaney,* 256 Mo. 219, 165 S.W. 335, 336 (1914).

■ The sale of land for taxes is not invalid because of the land having been listed or charged on the tax book in any other name than that of the rightful owner. § 140.500; *Ruley v. Drey,* supra, 643 S.W.2d at 104. See also *Evans v. Brussel,* 330 S.W.2d 788, 791 (Mo.1959). The notice contained the names shown on the land tax book and therefore it was sufficient. This point is denied.

■ We next discuss whether the legal description of the collector's deed was sufficient. A tax deed which does not describe the property with reasonable certainty is void. *Leuck v. Russell,* supra, 632 S.W.2d at 42. See also *Ruley v. Drey,* supra, 643 S.W.2d at 103. It is not required that the description of the collector's deed use the same language as in the record title owner holder's deed; if the collector's deed describes the land with reasonable certainty, the description is sufficient. Id. If the land description in a collector's deed is sufficiently definite that one reasonably skilled in determining land locations can locate it, the description is sufficient. See *Leuck v. Russell,* supra, 632 S.W.2d at 42-43. See also *Beldner v. General Electric Company,* 451 S.W.2d 65, 78 (Mo.1970); *Costello v. City of St. Louis,* 262 S.W.2d 591, 594-596 (Mo.1953) [partially overruled on other grounds in *Powell v. County of St. Louis,* 559 S.W.2d 189 (Mo. banc 1977)].

■ Respondents contend that no one could locate the real estate based on the description in the tax deed alone. That would appear to be true, but that would also be true of any legal description referring to platted lots, including the deed under which respondents Whyte claim title. It would be necessary to have a copy of the plat or go to the recorder of deeds office and ascertain where the lot was located. The description in respondents Whyte's deed stated the section, township and range, but those would not specifically locate the land, and a reference to the plat which should also contain the section, township and range of the property, would still have to be made. The description in Whyte's deed also referred to the plat book by number and page and although that would make it more convenient to locate the plat, anyone looking for the lot who was reasonably skilled in locating real estate descriptions would know to go to the recorder's office and look in the plat book.

■ The use of "Sub." for subdivision would not make the description defective.

* All statutory references are to RSMo 1969, the    statutes in effect at the time of the tax sale.

"Add." has been held sufficient to indicate "addition", *Brown v. Chaney,* supra, 256 Mo. at 223–224, 165 S.W. 335 and, as earlier noted, the use of well understood abbreviations in tax sale proceedings do not make a tax sale void. *Elsberry Drainage Dist. v. Seerley,* supra, 49 S.W.2d at 166.

Respondents also contend that the "arrangement" of the description makes it "incomprehensible". We assume that they are contending that because the lot number was not listed before "Echo Valley Ranch Sub. of Lot 22", that it makes the description unclear. Normally, of course, the lots are listed before the subdivision, but we do not see why that makes the deed defective as it appears clear that Lot 22D was the lot intended to be conveyed by the tax deed.

Respondents cite *Moise v. Robinson,* 533 S.W.2d 234 (Mo.App.1975), contending that the present description is no better than the one in that case. The description there was only of a part of a lot in a quarter section. What part it was could not be determined. Here we have a lot set forth by its correct number, and by reference to the plat its location can be accurately determined.

If a deed had to contain a sufficient description so that one reasonably skilled in determining land locations could locate the land by reference to the deed alone, then many legal descriptions by subdivision lot, including the one on the deed under which respondents Whyte claim title, would be insufficient. That is not in accordance with common practice and would be unreasonable. This point is denied.

We next discuss whether inadequacy of the consideration was a proper basis for the trial court to find the sale invalid. Since *Powell v. County of St. Louis,* 559 S.W.2d 189 (Mo banc 1977), inadequate consideration has not been considered a sufficient reason to invalidate a collector's deed. See *Acton Enterprises, Inc. v. Stottle,* 646 S.W.2d 149, 150 (Mo.App.1983); *Munday v. Thielecke,* supra, 646 S.W.2d at 819; *Ewing v. Lockhart,* 641 S.W.2d 835, 836 (Mo.App. 1982). Respondents contend that the facts in *Powell* can be distinguished from the

present situation because there a third sale was involved and because of Mr. Powell's "shenanigans". We agree that the facts are much different, but as the court there overruled the earlier cases holding that inadequacy of consideration was a consideration in the validity of a tax sale and determined "that continued application of the rule makes Chapter 140 ineffective and nullifies what we perceive to have been the intention of the general assembly" (559 S.W.2d at 196), it appears to us that inadequacy of consideration is no longer a question to be considered in any tax sale under Chapter 140, whatever the circumstances. This point is denied.

Next, we consider respondents' contention that appellant was guilty of actual fraud. Actual fraud in connection with a tax sale may be raised to set the sale aside. See *Powell v. County of St. Louis,* supra, 559 S.W.2d at 196. This contention is based on appellant not notifying respondents that she was claiming the property until three years after she received the tax deed. Respondents contend she was intentionally concealing her interest until after the special three-year statute of limitations contained in § 140.590 expired.

There was no direct evidence that appellant knew of that statute of limitations or that she specifically waited because of it. However, even if she did so, the statute of limitations would not be tolled. The fraudulent concealment which avoids the running of the statute of limitations must be something more than silence; the opposing party is deemed cognizant of facts which he could have discovered by exercising ordinary care, and usually the employment of some means or device to prevent discovery must be shown. *Gilliam v. Gohn,* 303 S.W.2d 101, 107 (Mo.1957).

Nonpayment of the 1972 taxes was a matter of record easily discoverable by one who would inquire. Appellant recorded her deed shortly after she received it and resorted to no device to prevent the dis-

covery of the sale. Even if the trial court's determination that respondents Whyte "exercised ordinary care and due diligence to discover any defects respecting the title" is correct, it does not change the result absent some affirmative act of appellant to mislead respondents. It does appear, however, that respondents Whyte did not have an abstract of title to the property examined by an attorney nor otherwise check to see if the back taxes had been paid or if their predecessors had good title. The record does indicate they purchased title insurance. This point is denied.

As the sale was valid, the tax deed proper, and no actual fraud was shown, title to the property should have been quieted in appellant, and the Browns ejected from it. The procedures followed here complied with Chapter 140 and if those statutes cause a harsh result, it is a matter for the general assembly to consider changing by appropriate legislation. It is not for us to change the statutes by judicial interpretation.

The judgment is reversed and the cause remanded with directions that the trial court set aside the judgment in favor of respondents and enter judgment in favor of appellant, quieting title in the property as requested in her Count I, granting her possession of the premises as requested in Count II, and assessing the court costs against respondents.

SNYDER, P.J., and BRENDAN J. RYAN, Special Judge, concur.